UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHADIM DIAW,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2938

Honorable Jane M. Beckering

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of justifying continued detention. (Reply, ECF No. 6, PageID.53.) In an order entered on October 14, 2026, the Court directed Respondents to show cause why the writ of habeas corpus should not

be granted. (Order, ECF No. 3.) Respondents filed their response on October 27, 2026,[1] (Resp., ECF No. 5), and Petitioner filed his reply on October 30, 2026, (ECF No. 6).

## II. Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023. (Pet., ECF No. 1, PageID.4.) In October or November of 2025, Petitioner was arrested by ICE. (*Id.*, PageID.2, 5.)

On December 29, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Diaw v. Noem* (*Diaw I*), No. 1:25-cv-1923 (W.D. Mich.). In *Diaw I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Diaw I*, (W.D. Mich. Jan. 29, 2026), (ECF Nos. 6, 7).

On February 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Diaw I*, (W.D. Mich. Feb. 5, 2026), (ECF No. 8-1, PageID.131). At the conclusion of the February 3, 2026, hearing, in a written order, the immigration judge denied Petitioner's request for bond, stating:

> [Petitioner] did not establish he is not a substantial flight risk. [Petitioner's] application for relief is speculative and is subject to being pretermitted on pending motion of DHS. DHS reports noncompliance with alternatives to detention. [Petitioner] did not provide evidence of a financial sponsor. [Petitioner] entered the

[1] Contrary to the Court's order in the Order to Show Cause, Respondents failed to submit a transcript or recording of Petitioner's bond hearing. (*See* Order, ECF No. 3, PageID.22.) However, as set forth herein, the Court is able to resolve this case without the transcript or recording.

> U.S. illegally, has brief presence in the U.S., and lacks sufficient ties to the community.

(*Id.*) Thereafter, on February 24, 2026, an immigration judge granted the government's motion to pretermit Petitioner's asylum application and ordered Petitioner removed to Uganda. (Removal Order, ECF No. 1-2, PageID.16–20.) The removal order became administratively final on or about March 26, 2026. (*See id.*)

Petitioner filed the present petition on October 13, 2026. (Pet., ECF No. 1.) Thereafter, on October 16, 2026, the immigration court granted the government's motion to reopen Petitioner's removal proceedings to designate Senegal as the country of removal, and the parties agree that § 1226 governs detention now that Petitioner no longer has an administratively final order of removal. (Resp., ECF No. 5, PageID.26; Reply, ECF No. 6, PageID.42.)

## III. Analysis

As set forth above, the parties agree that § 1226 governs detention now that Petitioner no longer has an administratively final order of removal. On February 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Diaw I*, (W.D. Mich. Feb. 5, 2026), (ECF No. 8-1, PageID.131). At the conclusion of the February 3, 2026, hearing, in a written order, the immigration judge denied Petitioner's request for bond, stating: "[Petitioner] did not establish he is not a substantial flight risk. . . ." (*Id.*)

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-*

*Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2]

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

[2] The Court notes that, to the extent that Petitioner claims his detention has become unreasonably prolonged, as Petitioner argues in his reply, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e). Further, as set forth herein, the Court will conditionally grant Petitioner's § 2241 petition, ordering that Petitioner be provided with a § 1226 bond hearing within five business days, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 13, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge